## Ex Parte Thomas.

### Application for a writ of Habeas Corpus.

No. 51.—Decided May 18, 1905.

Habeas Corpus—Release of Prisoner Under Bond.—Where a defendant charged with murder in the first degree is convicted of voluntary homicide, and his release under bond is denied by the trial judge, such circumstances will not entitle him under an imperative provision of the law to be released under bond, because the acceptance of such a bond is within the discretion of the court; and this case does not fall within the provisions of subdivision 2 of section 483 of the Code of Criminal Procedure.

Id.—Appeal.—Where an appeal is taken to the Supreme Court by a defendant in a criminal cause, the Supreme Court has jurisdiction to order his release under bond if it should deem such action proper, it not being necessary for this purpose to resort to the extraordinary remedy of *habeas corpus*.

*Mr. José de Guzmán Benítez,* for petitioner.

*Mr. Rossy, Fiscal,* for The People.

OPINION OF THE COURT.

This application for a writ of *habeas corpus* made by Attorney José de Guzmán Benítez on behalf of José de Thomas, is not comprised, as alleged, in the second subdivision of section 483 of the Code of Criminal Procedure, because neither the verdict of the jury which declared Thomas guilty as an accomplice of the crime of voluntary homicide, after having been charged as principal in the crime of murder in the first degree, nor the decision of the Humacao Judge denying the admission of Thomas to bail, are acts which, even though considered together, would authorize the admission of Thomas to bail, under an imperative provision of the law, in view of the provisions of section 374, subdivision 2, of the said Code; and, on the other hand, an appeal having been taken from the decision rendered by the Humacao Judge, this Supreme Court, after examining the cause, has sufficient jurisdiction to admit Thomas to bail, if it should deem it proper, without the necessity, therefore, of resorting to the extraordinary remedy of *habeas corpus*.

The petitioner, José de Thomas, will not therefore be discharged from custody as prayed, and it is ordered that he be returned to the warden of the Humacao jail, under whose custody he was.

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.